# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                    Criminal Case No: 2:13cr38

BENJAMIN MCWILLIAMS,
        Defendant.

## OPINION/ ORDER CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Benjamin McWilliams, in person and by counsel, Katy J. Cimino, appeared before me on October 24, 2013. The Government appeared by Andrew R. Cogar, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court then determined that Defendant would enter a plea of "Guilty" to a One-Count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. The Court inquired whether this was the only offer made to Defendant, to which both counsel responded that it was the only offer. Defendant then stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the

undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Benjamin McWilliams, after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned then reviewed with Defendant the Information, including the elements the United States would have to prove at trial, charging him with embezzlement and conversion of funds from an employee benefit plan, in violation of Title 18, United States Code section 664.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. Defendant and his counsel then verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the One-Count Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to not more than one (1) year of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable before the date of sentencing; and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The Court then inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct: Did you and Miss Cimino discuss and do you understand from that discussion, that you have a right under 18 USC 3742 to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals?

Def: Yes, sir.

Ct: Did you also discuss with Miss Cimino and do you understand from that discussion that under 28 USC section 2255 you may be able to file a writ of habeas corpus-type motion challenging your sentence and how that sentence is being carried out?

Def: Yes, sir.

Ct: Did you understand from your written plea agreement and your discussions with Miss Cimino that if the District Judge sentences you to an actual sentence which is the same as or equal to a

Ct: guideline sentence with an adjusted offense level subtotal of 18 or less, then you give up your right to appeal that sentence?

Def: Yes, sir.

Ct: Do you also understand that under that paragraph you also give up your right to file a writ of habeas corpus. You understand that?

Def: Yes, sir.

Ct: And you intended to give up those two valuable rights under the condition set forth in paragraph 17 of your written plea agreement. Is that right?

Def: Yes, sir.

Ct: And you understood paragraph 17 when you signed it on October the first of this year. Is that correct?

Def: Yes, sir.

Ct: Has anything about your understanding of paragraph 17 changed between when you signed it on the first and today, which is the 24th?

Def: No.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the condition in the plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the amended written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable

and voluntary execution of the written plea bargain agreement signed by him on October, 2013, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One-Count Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the One-Count Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood and understood and agreed that mandatory restitution is required in this case and agreed to pay full restitution on all relevant conduct related to his criminal conduct, and stipulated that the relevant conduct attributable to him is at least $70,000.00 but less than $120,000.00.

5

He also understood and stipulated that the number of victims is greater than 10 but fewer than 50. He also agreed and stipulated that he abused a position of trust, warranting an enhancement under USSG 3B1.3. Defendant understood that stipulation was not binding on the District Judge, and that if the judge found a different level or amount of restitution, he would not be permitted to withdraw his guilty plea. The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Defendant further understood that he agreed all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. He also agreed to waive all interest in any forfeitable asset in any administrative or judicial forfeiture proceeding, and consents to the entry of orders of forfeiture for such property. He waives all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with his plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Thereupon, Defendant, Benjamin McWilliams, with the consent of his counsel, Katy J. Cimino, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the One-Count Information.

The Court then heard the testimony of Government witness Department of Labor Office of the Inspector General Special Agent Joseph Harrilla. SA Harrilla testified he worked on this case. The investigation was started after a complaint from an employee of Defendant's company was forwarded to the office. The employee complained that he had had retirement funds withheld from his pay, but those funds did not go into his retirement account. Other agencies, including the FBI and the West Virginia Insurance Commission were involved. SA Harrilla subpoenaed bank records and Defendant's business records from McWilliams Masonry, Inc. Those records indicated that Defendant's company started a

Davis-Bacon Fund Account, under which it could withhold pay from employees for certain benefits. The company was at the time working on federally-funded projects. Interviews with various employees indicated that money was being withheld from their checks for a retirement fund, but the money was not actually going into the retirement fund. Defendant was aware of this, because various employees confronted him with the fact that the money was being withheld but not deposited. Defendant advised those employees the money would be put into the account "next week," then "in two weeks," then "monthly," then "quarterly," and finally "annually."

SA Harrilla testified that the money was being withdrawn from the company account by Defendant during the time it was not being put into the retirement accounts. He interviewed a female who said she was providing drugs to Defendant in return for $300 - $400 in cash or by check daily. Another witness told SA Harrilla he or she had overheard Defendant and his ex-wife discussing wanting to reduce the payroll, and starting the Davis-Bacon fund for that purpose. SA Harrilla also interviewed Defendant, who admitted he was withdrawing the money and using it to purchase drugs, as well as a firearm and an ATV.

Defendant stated he heard, understood, and agreed with the testimony of Special Agent Harrilla. From said testimony, the undersigned Magistrate Judge concludes the offense charged in the One-Count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood his right to have his

charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence and mandatory restitution; Defendant made a knowing and voluntary plea of guilty to the One-Count Information; and Defendant's plea is independently supported by Special Agent Harrilla's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the One-Count Information and recommends he be adjudged guilty on said charge as contained in the One-Count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to conditions set forth in an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: October 25, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE